9930A/PMK
Paul M. Keane
CICHANOWICZ CALLAN KEANE VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, NY 10006
212-344-7042
Attorneys for Defendant
EVERGREEN LINE JOINT SERVICE AGREEMENT incorrectly s/h/a
EVERGREEN MARINE (UK) LTD., d/b/a EVERGREEN LINE
EVERGREEN LINE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIGILANT INSURANCE COMPANY a/s/o OVERSEAS FOOD TRADING LTD.,<br><br>Plaintiffs,<br>- against -<br><br>M/V COSCO NAGOYA, her engines, tackle, boilers, etc. in rem; EVERGREEN MARINE (UK) LTD., d/b/a EVERGREEN LINE; EVERGREEN LINE; SEAFRIGO USA INC., d/b/a SEAFRIGO; SEAFRIGO INC.,; SEAFRIGO; JASMINE SHIPPING S.A.; COSCO COTAINER LINES CO. LTD.,<br><br>Defendants. | 14 CV 6931<br><br>**ANSWER TO COMPLAINT AND CROSS-CLAIMS** |

Defendant, EVERGREEN LINE JOINT SERVICE AGREEMENT, FMC Agreement No.: 011982 (hereinafter "EVERGREEN"), incorrectly s/h/a EVERGREEN MARINE (UK) LTD., d/b/a EVERGREEN LINE and EVERGREEN LINE by their attorneys Cichanowicz Callan Keane Vengrow & Textor, LLP, as and for its Answer to the Verified Complaint alleges upon information and belief as follows:

**ANSWER TO FIRST CAUSE OF ACTION**
**(Breach of Contract and of Duties Under COGSA, 46 U.S.C. §30701)**

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1.

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 except admits that 7 containers shipped pursuant to 7 EVERGREEN bills of lading more fully described in Schedule A were loaded aboard the MV COSCO NAGOYA and except as so admitted denies the allegations contained in paragraph 2.

3. Admits that defendant EVERGREEN issued bills of lading which included a Southern District of New York forum selection clause and except as so admitted denies the allegations contained in paragraph 3.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5.

6. Admits that defendant EVERGREEN LINE JOINT SERVICE AGREEMENT doing business as EVERGREEN LINE is a joint service agreement authorized by the Federal Maritime Commission consisting of Evergreen Marine Corp. (Taiwan) Ltd. , Evergreen Marine (UK) Ltd., Italia Marittima S. P. A, Evergreen Marine (Hong Kong) Ltd., and Evergreen Marine (Singapore) Pte. Ltd., and that the aforesaid companies are corporation organizing and existing under the laws of foreign countries and that EVERGREEN has an agent in New York, Evergreen Shipping Agency

(America) Corp., 1 Evertrust Plaza, Jersey City, New Jersey 07032 and except as so admitted denies the allegations contained in paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9.

10. Admits that this Court has jurisdiction over defendant EVERGREEN but denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 10.

11. Admits that Defendant EVERGREEN was a slot charterer on the MV COSCO NAGOYA except as so admitted denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11.

12. Admits that for the cargoes carried in the containers described in Schedule A, temperature controlled containers were provided to defendant Seafrigo for transport from La Havre to New York, and except as so admitted denies the allegations contained in paragraph 12.

13. Denies the allegations contained in paragraph 13.

14. Admits that the bill of lading states the temperature at which the cargo should be carried and except as so admitted denies the allegations contained in paragraph 14.

15. Admits that defendant EVERGREEN provided Seafrigo with 7 reefer containers and except as so admitted denies the allegations contained in paragraph 15.

16. Admits that the containers were in good order and condition when delivered into the care, custody and control of defendant EVERGREEN and except as so admitted denies the allegations contained in paragraph 16.

17. Admits the bills of lading issued by defendants EVERGREEN recited the description of the goods as provided by the shipper, Seafrigo, and that the bill of lading also provided the temperature at which the cargo was to be carried and except as so stated denies the allegations contained in paragraph 17.

18. Admits that the cargoes in questions were to be carried from La Havre to New York on the MV COSCO NAGOYA pursuant to the terms and conditions of the bill of lading contracts issued by defendant EVERGREEN and except as so admitted denies the allegations contained in paragraph 18.

19. Admits that the containers identified in Schedule A were not delivered to the Port of New York and except as so admitted denies the allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the allegation regarding the other five containers listed in Schedule A sustained damage and except as so admitted denies the remaining allegations contained in paragraph 21.

22. Denies the allegations contained in paragraph 22.

23. Denies the allegations contained in paragraph 23 except admits non-payment.

24. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24.

25. Denies the allegations contained in paragraph 25.

**ANSWER TO SECOND CAUSE OF ACTION**
**(Material Deviation/Fundamental Breach)**

26. Defendant, EVERGREEN, repeats and realleges each and every allegation set forth in its answer to the complaint contained in Paragraphs 1-25 of this answer as if heretofore set out at length herein.

27. Denies the allegations contained in paragraph 27 as they relate to EVERGREEN except admits that the charges assessed by EVERGREEN were pursuant to tariffs and/or service contracts in effect at the time of the shipment.

28. Denies the allegations contained in paragraph 28 as they apply to defendant EVERGREEN.

29. Denies the allegations contained in paragraph 29 and except admits non-payment.

**ANSWER TO THIRD CAUSE OF ACTION**
**(Breach of Bailment Obligations)**

30. Defendant, EVERGREEN, repeats and realleges each and every allegation set forth in paragraphs 1-29 of its answer to the complaint as if heretofore set out at length herein.

31. Admits that defendant, EVERGREEN, was at all times acting has an ocean common carrier as defined by the Federal Maritime Commission and that it was acting in accordance with the terms and conditions of its bill of lading and any applicable service contract and except as so admitted denies the allegations contained in paragraph 31.

32. Denies the allegations contained in paragraph 32.

33. Denies the allegations contained in paragraph 33 except admits non-payment.

**ANSWER TO FOURTH CAUSE OF ACTION**
**(Negligence and/or Recklessness, and/or Willful Misconduct)**

34. Defendant, EVERGREEN, repeats and realleges each and every allegation set forth in paragraphs 1-34 of its answer to the complaint as if heretofore set out at length herein.

35. Admits that defendant, EVERGREEN'S obligations to the cargo were set out in the United States Carriage of Goods by Sea Act, the Harter Act and the terms and condition of its bill of lading, its tariff and any service contracts that may have been applicable to this shipment and except as so admitted denies the allegations contained in paragraph 35.

36. Denies the allegations contained in paragraph 36.

37. Denies the allegations contained in paragraph 37 except admits non-payment.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

38. The shipments in question were to be carried from a foreign port to a United States port pursuant to bill of lading contracts and therefore were subject to the United States Carriage of Goods by Sea Act., 46 USC §30701 at Statutory note (hereinafter "COGSA") and the U.S. Harter Act 46 U.S.C. 30701 – 30707.

39. Defendant, EVERGREEN, claims the benefit of all exceptions, exemptions and limitations contained in its bill of lading contracts, COGSA and the U.S. Harter Act to the full extent that they may be applicable to it.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

40. Any damage and/or loss to the shipment in question was due to causes for which EVERGREEN is not liable or responsible by virtue of the provisions of COGSA including, but not limited to, the "Q-Clause" (i.e. Section 4 (2) (q) of COGSA).

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

41. Any damage and/or loss to the shipment in question arose or resulted from perils, dangers or accidents of the seas or other navigable waters or Act of God for which defendant EVERGREEN is not responsible (COGSA Sec. 4(2)(c) and (d).

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

42. Any damage and/or loss to the shipment in question was caused by or due to the acts, omissions, fault or neglect of the owners of the shipment, the shipper or receivers and its agents or the nature of the shipment, including insufficiency of packing, inherent vice, or resulted from the acts, omissions, fault or neglect of other persons or entities for which EVERGREEN is neither responsible nor liable.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

43. Any damage and/or loss to the shipment in question arose or resulted from the act, neglect, or default of the Master, mariner pilot or the servants of the vessel owner in the navigation or in the management of the ship for which defendant EVERGREEN is not responsible (COGSA Sec. 4(2)(a).

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

44. EVERGREEN's liability, if any, is limited to $500 per package, or for goods not shipped in packages, $500 per customary freight unit.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

45. Upon information and belief co-defendant Seafrigo USA issued bills of lading to plaintiff which incorporated a so called Himalaya Clause which provided that plaintiff could not bring suit against subcontractors of Seafrigo for claims arising under Seafrigo's bills of lading and according to Seafrigo bill of lading defendant EVERGREEN qualified as a party who was a beneficiary of their Himalaya Clause and therefore plaintiffs claim against EVERGREEN should be dismissed.

**AS AND FOR A CROSSCLAIM AGAINST DEFENDANTS, SEAFRIGO USA INC., d/b/a SEAFRIGO; SEAFRIGO INC. and SEAFRIGO**

46. Evergreen repeats and realleges every allegation previously set forth in its answer to the complaint as if theretofore set out at length herein.

47. If any loss/liability is imposed on EVERGREEN by judgment or otherwise, for the reasons set forth in the complaint which is denied, said loss/liability was caused by or contributed to by the act, omission, fault, negligence, breach of contract (express or implied), breach of warranty (express or implied) and/or the fault of SEAFRIGO USA INC., d/b/a SEAFRIGO; SEAFRIGO INC. and SEAFRIGO their agents, servants, contractors and/or assigns.

WHEREFORE, Defendant, EVERGREEN prays for:

(a) That the Complaint be dismissed together with costs and expenses incurred in defense of this action;

(b) That the Court adjudge that EVERGREEN have no liability for any of the matters alleged in the Complaint and any Cross Complaint;

(c) In the event that EVERGREEN is found liability to plaintiff that judgment be granted in favor of EVERGREEN on its Cross-Claim against SEAFRIGO USA INC., d/b/a SEAFRIGO; SEAFRIGO INC. and SEAFRIGO.

(d) That EVERGREEN be awarded all costs including attorney's fees; and

(e) That EVERGREEN be awarded such other further and different relief as may be deemed just, proper and equitable in the premises.

Dated: New York, New York
September 25, 2014

CICHANOWICZ, CALLAN, KEANE,
VENGROW & TEXTOR, LLP
61 Broadway, Suite 3000
New York, New York 10006
Attorneys for Defendant
EVERGREEN LINE JOINT SERVICE AGREEMENT
incorrectly s/h/a EVERGREEN MARINE (UK) LTD.,
d/b/a EVERGREEN LINE

By: [signature]
Paul M. Keane

**To:** Law Office of David Mazaroli
Attorney for Plaintiff
250 Park Avenue -7th Floor
New York, New York 10177
(212) 267-8480

SEAFRIGO USA INC. d/b/a Seafrigo
536 Dowd Avenue
Elizabeth, New Jersey 07201

SEAFRIGO USA INC. d/b/a Seafrigo
735 Dowd Avenue
Elizabeth, New Jersey 07201

COSCO Container Lines Co. Ltd.
c/o COSCO Container Lines Americas, Inc.
100 Lighting Way
Secaucus, New Jersey 07094

JASMINE SHIPPING S.A.
c/o COSCO Container Lines Americas, Inc.
COSCO Plaza
378, Dongdamin Lu
Hongkou Qu,
Shanghai, 200080, China

JASMINE SHIPPING S.A.
c/o COSCO Container Lines Americas, Inc.
100 Lighting Way
Secaucus, New Jersey 07094

## CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury that the following is true:

1. I am over the age of eighteen years and I am not a party to this action.

2. On September 25, 2014, I served true and complete copy of Defendant EVERGREEN LINE JOINT SERVICE AGREEMENT incorrectly s/h/a EVERGREEN MARINE (UK) LTD., d/b/a EVERGREEN LINE ANSWER TO COMPLAINT with CROSSCLAIMS attached thereto by mail to the following attorneys at their indicated office address:

TO: Law Office of David Mazaroli
Attorney for Plaintiff
250 Park Avenue -7th Floor
New York, New York 10177
(212) 267-8480

SEAFRIGO USA INC. d/b/a Seafrigo
536 Dowd Avenue
Elizabeth, New Jersey 07201

SEAFRIGO USA INC. d/b/a Seafrigo
735 Dowd Avenue
Elizabeth, New Jersey 07201

COSCO Container Lines Co. Ltd.
c/o COSCO Container Lines Americas, Inc.
100 Lighting Way
Secaucus, New Jersey 07094

JASMINE SHIPPING S.A.
c/o COSCO Container Lines Americas, Inc.
COSCO Plaza
378, Dongdamin Lu
Hongkou Qu,
Shanghai, 200080, China

JASMINE SHIPPING S.A.
c/o COSCO Container Lines Americas, Inc.
100 Lighting Way
Secaucus, New Jersey 07094

Dated: New York, New York
September 25, 2014

Ann Pinckney