BADIAK & WILL, LLP
106 Third Street
Mineola, New York 11501-4404
(516) 877-2225
Attorneys for Defendants
ESTREPOSTS ET TRANSPORTS BARBE,
SEAFRIGO USA, INC., incorrectly sued herein as
SEAFRIGO USA INC. d/b/a SEAFRIGO, SEAFRIGO,
INC. AND SEAFRIGO
Our Ref.: 14-M-002-JK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
VIGILANT INSURANCE COMPANY a/s/o
OVERSEAS FOOD TRADING, LTD.,
        Plaintiff,

    -against-

M/V COSCO NAGOYA, her engines, tackle, boilers,
etc., in rem; EVERGREEN MARINE (UK) LTD. d/b/a
EVERGREEN LINE, EVERGREEN LINE,
SEAFRIGO USA INC., d/b/a SEAFRIGO, SEAFRIGO
INC., SEAFRIGO, JASMINE SHIPPING S.A.,
COSCO CONTAINER LINES CO., LTD.
        Defendants.
-------------------------------------------------------------x

**ECF CASE**

**14 CIV. 6931 (GHW)**

**ANSWER TO COMPLAINT AND CROSS-CLAIMS**

    Defendants, ESTREPOSTS ET TRANSPORTS BARBE, SEAFRIGO USA, INC., incorrectly sued herein as SEAFRIGO USA INC. d/b/a SEAFRIGO, SEAFRIGO, INC. AND SEAFRIGO (hereinafter "SEAFRIGO"), by their attorneys, Badiak & Will, LLP, as and for their Answer to the Verfied Complaint, allege upon information and belief as follows:

### ANSWER TO FIRST CAUSE OF ACTION
### (Breach of Contract and Duties Under COGSA, 46 U.S.C. §30701)

1.     Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "1." in the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "2.", except admits that seven (7) Seafrigo freight invoices were issued covering seven (7) containers said to contain frozen food products to be carried aboard the COSCO NAGOYA in the seven (7) containers set pursuant to bills of lading issued by Evergreen Line Joint Service Agreement (hereinafter "Evergreen Line") as forth in Schedule A and except as so admitted denies the allegations contained in the paragraph numbered "2." in the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "3." in the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "4." in the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "5." in the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "6." in the Complaint.

7. Admits that Seafrigo USA, Inc. is a corporation doing business under and pursuant to the laws of one of the states of the United States and Estreposts et Transports Barbe is a corporation or other business entity doing business under and pursuant to the laws of France; except as so admitted, it denies the allegations contained in the paragraph numbered "7." in the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "8." in the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "9." in the Complaint.

10. As to defendants Seafrigo USA Inc. and Estreposts et Transports Barbe it denies the allegations contained in the paragraph numbered "10." in the Complaint; as to the other defendants it denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "10." in the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "11." in the Complaint.

12. As to defendants Seafrigo USA Inc. and Estreposts et Transports Barbe it denies the allegations contained in the paragraph numbered "12." in the Complaint; as to the other defendants it denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "12." in the Complaint.

13. As to defendants Seafrigo USA Inc. and Estreposts et Transports Barbe it denies the allegations contained in the paragraph numbered "13." in the Complaint; as to the other defendants it denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "13." in the Complaint.

14. As to defendants Seafrigo USA Inc. and Estreposts et Transports Barbe it denies the allegations contained in the paragraph numbered "14." in the Complaint; as to the other defendants it denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "14." in the Complaint.

15. As to defendants Seafrigo USA Inc. and Estreposts et Transports Barbe it denies the allegations contained in the paragraph numbered "15." in the Complaint; as to the

other defendants it denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "15." in the Complaint.

16. As to defendants Seafrigo USA Inc. and Estreposts et Transports Barbe it admits the containers noted were in good order and condition when delivered into the care, custody and control of Evergreen Line; except as so admitted, it denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in the paragraph numbered "16." in the Complaint.

17. As to defendants Seafrigo USA Inc. and Estreposts et Transports Barbe it admits the bills of lading issued by defendant Evergreen Line; except as so admitted, it denies knowledge or information sufficient to form a belief as to the remainder of the allegations contained in the paragraph numbered "17." in the Complaint.

18. As to defendants Seafrigo USA Inc. and Estreposts et Transports Barbe it denies the allegations contained in the paragraph numbered "18." in the Complaint; as to the other defendants it denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "18." in the Complaint.

19. As to defendants Seafrigo USA Inc. and Estreposts et Transports Barbe it denies information sufficient to form a belief as to the allegations contained in the paragraph numbered "19." in the Complaint; as to the other defendants it denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "19." in the Complaint.

20. As to defendants Seafrigo USA Inc. and Estreposts et Transports Barbe it denies information sufficient to form a belief as to the allegations contained in the paragraph numbered "20." in the Complaint; as to the other defendants it denies knowledge or

information sufficient to form a belief as to the allegations contained in the paragraph numbered "20." in the Complaint.

21. As to defendants Seafrigo USA Inc. and Estreposts et Transports Barbe it denies the allegations contained in the paragraph numbered "21." in the Complaint; as to the other defendants it denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "21." in the Complaint.

22. As to defendants Seafrigo USA Inc. and Estreposts et Transports Barbe it denies the allegations contained in the paragraph numbered "22." in the Complaint; as to the other defendants it denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "22." in the Complaint.

23. As to defendants Seafrigo USA Inc. and Estreposts et Transports Barbe it denies the allegations contained in the paragraph numbered "23." in the Complaint; as to the other defendants it denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "23." in the Complaint.

24. Denies information sufficient to form a belief as to the allegations contained in the paragraph numbered "24." in the Complaint.

25. Denies information sufficient to form a belief as to the allegations contained in the paragraph numbered "25." in the Complaint.

### ANSWER TO THE SECOND CAUSE OF ACTION
### (Material Deviation/Fundamental Breach)

26. Defendants Seafrigo USA Inc. and Estreposts et Transports Barberepeat and reallege each and every answer set forth in paragraphs "1." through "25." as if set forth at

length herein in answer to the allegations contained in the paragraph numbered "26." in the Complaint.

27. As to defendants Seafrigo USA Inc. and Estreposts et Transports Barbe it denies the allegations contained in the paragraph numbered "27." in the Complaint; as to the other defendants it denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "27." in the Complaint.

28. As to defendants Seafrigo USA Inc. and Estreposts et Transports Barbe it denies the allegations contained in the paragraph numbered "28." in the Complaint; as to the other defendants it denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "28." in the Complaint.

29. Denies the allegations contained in the paragraph numbered "29." in the Complaint.

## ANSWER TO THE THIRD CAUSE OF ACTION
### (Breach of Bailment Obligations)

30. Defendants Seafrigo USA Inc. and Estreposts et Transports Barberepeat and reallege each and every answer set forth in paragraphs "1." through "29." as if set forth at length herein in answer to the allegations contained in the paragraph numbered "30." in the Complaint.

31. As to defendants Seafrigo USA Inc. and Estreposts et Transports Barbe it denies the allegations contained in the paragraph numbered "31." in the Complaint; as to the other defendants it denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "31." in the Complaint.

32.  As to defendants Seafrigo USA Inc. and Estreposts et Transports Barbe it denies the allegations contained in the paragraph numbered "32." in the Complaint; as to the other defendants it denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "32." in the Complaint.

33.  Denies the allegations contained in the paragraph numbered "33." in the Complaint.

## ANSWER TO THE FOURTH CAUSE OF ACTION
### (Negligence and/or Recklessness, and/or Willful Misconduct)

34.  Defendants Seafrigo USA Inc. and Estreposts et Transports Barberepeat repeat and reallege each and every answer set forth in paragraphs "1." through "33." as if set forth at length herein in answer to the allegations contained in the paragraph numbered "34." in the Complaint.

35.  As to defendants Seafrigo USA Inc. and Estreposts et Transports Barbe it denies the allegations contained in the paragraph numbered "35." in the Complaint; as to the other defendants it denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "35." in the Complaint.

36.  As to defendants Seafrigo USA Inc. and Estreposts et Transports Barbe it denies the allegations contained in the paragraph numbered "36." in the Complaint; as to the other defendants it denies knowledge or information sufficient to form a belief as to the allegations contained in the paragraph numbered "36." in the Complaint.

37.  Denies the allegations contained in the paragraph numbered "37." in the Complaint.

### FIRST AFFIRMATIVE DEFENSE

38. In the event that the plaintiff had not or has not any title or interest in the shipment that is the subject matter of this action, then the plaintiff is not the real party in interest and is not entitled to maintain this suit.

### SECOND AFFIRMATIVE DEFENSE

39. If the shipment referred to in the complaint suffered any damage, loss or delay, such loss or delay was caused by parties over which these defendants had no control.

### THIRD AFFIRMATIVE DEFENSE

40. Any shipments that were carried by defendants, which is denied, are subject to all the terms and conditions of the applicable contracts of carriage or other contracts, bills of lading, tariffs and/or applicable regulations. Defendants duly performed the terms and conditions on their part to be performed under the contracts of carriage or other contracts, bills of lading, tariffs and/or applicable regulations, statutes or treaties bar recovery.

### FOURTH AFFIRMATIVE DEFENSE

41. Defendants' liability, if any, are limited in accordance with the applicable contracts of services, and the terms and conditions contained on the reverse side of the aforementioned invoices and/or contracts for service, and defendants have not breached any of the terms and conditions required on their part to be performed pursuant to said contracts.

### FIFTH AFFIRMATIVE DEFENSE

42. To the extent that plaintiff failed to meet the minimum filing requirement of filing a proper written claim within the times prescribed, this lawsuit is time barred.

## SIXTH AFFIRMATIVE DEFENSE

43. To the extent that plaintiff failed to file suit within the time period prescribed, this lawsuit is time barred.

## SEVENTH AFFIRMATIVE DEFENSE

44. The applicable terms and conditions contained on the reverse side of the aforementioned invoices and/or contracts for service do not contemplate responsibility for special or consequential damages. To the extent that plaintiff seeks recovery for special or consequential damages, defendants are not responsible.

## EIGHTH AFFIRMATIVE DEFENSE

45. Plaintiff failed to mitigate damages.

## NINTH AFFIRMATIVE DEFENSE

46. The alleged damage did not occur while the shipment was in the custody or control of these defendants.

## TENTH AFFIRMATIVE DEFENSE

47. If the shipment was lost or damaged, the loss or damage was caused in whole or in part by the negligence of plaintiff, plaintiff's agents, co-defendants, co-defendant's agents or other parties over which these defendants had no control and for whose negligence these defendants are not responsible.

## ELEVENTH AFFIRMATIVE DEFENSE

48. The contributory negligence of the shipper caused the loss and damage to the shipment.

## TWELFTH AFFIRMATIVE DEFENSE

49. The complaint fails to state a cause of action for which relief can be granted against these answering defendants.

AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS

50. Defendants Seafrigo USA Inc. and Estreposts et Transports Barberepeat repeat and reallege each and every answer set forth in this Answer as if set forth at length herein.

51. If any liability for alleged loss or damage to the shipments referred to in the Complaint are imposed upon Defendants Seafrigo USA Inc. and Estreposts et Transports Barbe repeat by judgment or otherwise, for the reasons set forth in the Complaint, which is denied, said loss and/or liability was caused by or contributed to by the act, omission, fault, negligence, breach of contract (express or implied), breach of warranty (express or implied) and/or the fault of codefendants M/V COSCO NAGOYA, her engines, tackle, boilers, etc., in rem, Evergreen Line Joint Service Agreement, Jasmine Shipping S.A., COSCO Container Lines Co. Ltd., their agents, servants, contractors and/or assigns and, in that event, Defendants Seafrigo USA Inc. and Estreposts et Transports Barbe shall be entitled to be indemnified and held harmless by said co-defendants for all amounts, including attorney's fees and/or entitled to contribution from co-defendants in an amount corresponding to the proportion of fault on the part of said co-defendants towards the payment of any judgment which may be entered in favor of the plaintiff herein..

**WHEREFORE,** defendants, Seafrigo USA Inc. and Estreposts et Transports Barbe, demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting the liability pursuant to the foregoing, and judgment in favor of Seafrigo USA

Inc. and Estreposts et Transports Barbe, and against the co-defendant, M/V COSCO NAGOYA, *in rem*, and Evergreen Line Joint Service Agreement, Jasmine Shipping S.A., COSCO Container Lines Co. Ltd., jointly and severally, together with costs and disbursements of defending the within action and all other relief which to this Court may seem just and proper in the circumstances

DATED:    Mineola, New York
                September 29, 2014

Yours, etc.,

BADIAK & WILL, LLP
Attorneys for Defendants
Seafrigo USA Inc. and Estreposts et Transports Barbe

By: _____
    JAMES P. KRAUZLIS (JK-4972)

TO:    Law Offices of
       David L. Mazaroli
       Attorney for Plaintiff
       250 Park Avenue, 7th Floor
       New York, New York 10177

       CICHANOWICZ CALLAN KEANE
       VENGROW & TEXTOR, LLP
       Attorneys for Co-Defendant
       Evergreen Line Joint Service Agreement
       61 Broadway, Suite 3000
       New York, New York 10006

       COSCO Container Lines Co., Ltd.
       c/o COSCO Container Lines Americas, Inc.
       100 Lighting Way
       Seacaucus, New Jersey 07094

       Jasmine Shipping, S.A.
       c/o COSCO Container Lines Americas, Inc.
       100 Lighting Way
       Seacaucus, New Jersey 07094

Index No.: 14 CIV. 69331 (GHW)

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
)SS.:
COUNTY OF NASSAU )

**I, Luz M. Webb,** being duly sworn, deposes and says:

I am not a party to the within action, am over 18 years of age and reside c/o Badiak & Will, LLP, 106 3rd Street, Mineola, New York 11501-4404. On September 29, 2014, I served the within **ANSWER TO COMPLAINT WITH CROSS-CLAIM** on:

Law Offices of David L. Mazaroli
Attorney for Plaintiff
250 Park Avenue, 7th Floor
New York, New York 10177

Attn: Paul M. Keane, Esq.
Chichanowicz, Callan, Keane, Vengrow & Textor, LLP
Attorneys for Defendants
EVERGREEN LINE JOINT SERVICE AGREEMENT incorrectly s/h/a
EVERGREEN MARINE (UK) LTD., d/b/a EVERGREEN LINE
EVERGREEN LINE
61 Broadway, Suite 3000
New York, New York 10006-2802
(212) 344-7042

COSCO Container Lines Co., Ltd.
c/o COSCO Container Lines America, Inc.
100 Lighting Way
Seacaucus, New Jersey 07094

Jasmine Shipping, S.A.
c/o COSCO Container Lines Americas, Inc.
100 Lighting Way
Seacaucus, New Jersey 07094

by depositing a true copy thereof enclosed in a post-paid wrapper in an official depository under the exclusive care and custody of the United States Postal Service via mail within New York State.

LUZ M. WEBB

Sworn to before me this
29th day of September, 2014

NOTARY PUBLIC

JAMES P. KRAUZLIS
Notary Public, State of New York
No. 02KR5051531
Qualified in Suffolk County
Commission Expires May 6,
3/5/2018