BLANK ROME LLP
Richard V. Singleton, Esq.
The Chrysler Building
405 Lexington Avenue
New York, New York 10174-0208
Telephone: 212-885-5000
Facsimile: 212-885-5001
*Attorneys for Jasmine Shipping SA*
*As Owner of M/V COSCO NAGOYA*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIGILANT INSURANCE COMPANY a/s/o Overseas Food Trading Ltd., <br><br> Plaintiff, <br><br> -v- <br><br> M.V. "COSCO NAGOYA", her engines, tackle, boilers, etc., *in rem*, EVERGREEN MARINE (UK) LIMITED d/b/a EVERGREEN LINE; EVERGREEN LINE; SEAFRIGO USA INC. d/b/a SEAFRIGO; SEAFRIGO INC.; SEAFRIGO; JASMINE SHIPPING S.A.; COSCO CONTAINER LINES CO LTD., <br><br> Defendants. | 14 Civ. 6931 <br> ECF CASE <br><br><br> **ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT** |

Jasmine Shipping SA ("Jasmine"), having filed a Verified Statement of Right or Interest in the M/V COSCO NAGOYA pursuant to Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, said claim of owner and *in rem* appearance herein being expressly limited to an appearance on behalf the M/V COSCO NAGOYA *in rem* and subject to all terms, conditions and limitations set forth in a certain Letter of Undertaking dated April 25, 2014 and issued to plaintiff pursuant to demands for security and in lieu of arrest of the vessel,

now, by and through its counsel, Blank Rome LLP, for its answer to Plaintiff's Complaint *in rem* (hereinafter "Complaint") as claimant to the M/V COSCO NAGOYA:

1.  Admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and that the claim is within the Court's admiralty jurisdiction but, except as admitted, denies the allegations stated in Paragraph 1 of the Complaint.

2.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.  Admits that the bills of lading referred to in Paragraph 3 of the Complaint contain Southern District of New York forum selection clauses, but except as admitted, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.  Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

142623.06501/7439372v.1

9. Admits that Jasmine is a corporation or entity organized under the laws of a foreign sovereign, whose publicly disclosed address is a place of business in care of COSCO, but except as admitted, denies the allegations in paragraph 9 of the Complaint.

10. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Admits that M/V COSCO NAGOYA was and now is a vessel engaged in the carriage of cargo by water for hire, that said vessel was chartered by one of the defendants, and that said vessel is subject to the *in rem* jurisdiction of this Honorable Court by virtue of a Letter of Undertaking dated April 25, 2014 posted by the Standard Club Europe Ltd., but except as admitted, denies the allegations in paragraph 11 of the Complaint.

12. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Denies the allegations contained in Paragraph 13 of the Complaint.

14. Denies the allegations contained in Paragraph 14 of the Complaint.

15. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

142623.06501/7439372v.1

19. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Admits that containers EMCU5298620 and BMOU9228842 were lost overboard, but except as admitted, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. Denies the allegations contained in Paragraph 22 of the Complaint.

23. Denies the allegations contained in Paragraph 23 of the Complaint.

24. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Repeats and realleges the admissions and denials contained in Paragraphs 1 through 25 of this Answer as if set forth in full herein.

27. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Denies the allegations contained in Paragraph 29 of the Complaint.

30. Repeats and realleges the admissions and denials contained in Paragraphs 1 through 29 of this Answer as if set forth in full herein.

142623.06501/7439372v.1

31. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Denies the allegations contained in Paragraph 33 of the Complaint.

34. Repeats and realleges the admissions and denials contained in Paragraphs 1 through 33 of this Answer as if set forth in full herein.

35. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Denies the allegations contained in Paragraph 36 of the Complaint.

37. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

38. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

39. The shipments in question are subject to the terms and conditions of the United States Carriage of Goods by Sea Act ("COGSA"), and M/V COSCO NAGOYA is entitled to all defenses available under COGSA including, without limitation, the Peril of the Seas, Act of God, and/or Error in Navigation defenses.

**THIRD AFFIRMATIVE DEFENSE**

40. The shipments in question are subject to Defendant Evergreen Line's bill of lading terms, conditions and defenses.

**FOURTH AFFIRMATIVE DEFENSE**

41. Plaintiff is not the real party in interest and lacks standing to bring this action.

**FIFTH AFFIRMATIVE DEFENSE**

42. Any loss or damage to the shipments described in the Complaint, which is expressly denied, was due to causes for which M/V COSCO NAGOYA is not liable by virtue of and/or the general maritime law and/or applicable foreign law and/or the applicable charter party.

**SIXTH AFFIRMATIVE DEFENSE**

43. Any loss or damage to the shipments described in the Complaint, which is expressly denied, was caused by or due to the acts, omissions, fault or neglect of the owners of the cargo, the shipper or receivers and its agents, or the nature of the shipment, including insufficiency of packing, inherent vice, or resulted from the acts, omissions, fault or neglect of other persons or entities for which M/V COSCO NAGOYA is neither responsible nor liable.

**SEVENTH AFFIRMATIVE DEFENSE**

44. This is an inconvenient forum for the trial of this action, and this action should be dismissed based on *forum non conveniens*.

WHEREFORE, Jasmine Shipping SA, appearing as owner of the M/V COSCO NAGOYA and subject to its restricted appearance and Verified Statement of Right of Interest filed of record herein, prays:

   a) The relief sought by Plaintiff in its Complaint be denied in full and the Complaint be dismissed with prejudice;

   b) It be awarded attorneys' fees and all costs incurred in connection with this action; and

142623.06501/7439372v.1

    c)  The Court award it such further and other relief as may be just under the circumstances.

New York, New York
Dated: September 30, 2014

                                BLANK ROME LLP
                                *Attorneys for Jasmine Shipping SA, as Owner of M/V COSCO NAGOYA*

                                By:  /s/ Richard V. Singleton
                                      Richard V. Singleton
                                      The Chrysler Building
                                      405 Lexington Avenue
                                      New York, NY  10174-0208
                                      (212) 885-5000

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 30th day of September, 2014, a true and correct copy of the foregoing answering Defendant's Answer to Verified Complaint was filed through the CM/ECF system and certified by email on the following counsel of record:

David L. Mazaroli<br>
250 Park Ave., 7th Floor<br>
New York, NY  10177

By:    /s/ Richard V. Singleton

Richard V. Singleton
The Chrysler Building
405 Lexington Avenue
New York, NY  10174-0208
(212) 885-5000

142623.06501/7439372v.1